**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 25 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FULGENCIO ESAU CASTILLO
GUARDARDO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 17-70802

Agency No. A095-811-433

MEMORANDUM*

On Petition for Review of an Order of
the Board of Immigration Appeals

Submitted May 20, 2022**
Pasadena, California

Before: LEE and BRESS, Circuit Judges, and FITZWATER,*** District Judge.

Fulgencio Esau Castillo Guardardo ("Guardardo"), a native and citizen of El

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Salvador, petitions for review of the Board of Immigration Appeals' ("BIA's") order dismissing his appeal from the Immigration Judge's ("IJ's") decision denying his application for withholding of removal.[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

We review questions of law de novo. *Retuta v. Holder*, 591 F.3d 1181, 1184 (9th Cir. 2010). We review the agency's factual findings, including adverse credibility determinations, for substantial evidence. *Mukulumbutu v. Barr*, 977 F.3d 924, 925 (9th Cir. 2020). Under this standard, we must uphold the agency's determination unless any reasonable trier of fact "'would be compelled to conclude to the contrary' based on the evidence in the record." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (quoting *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014)).

The agency found that the record did not reflect that El Salvador police or government authorities were unwilling or unable to help Guardardo and dismissed his

---

[1] Guardardo did not file an application for asylum because he missed the one-year filing deadline. Although he did file an application for CAT relief (which the agency denied, he waived on appeal any arguments in support of CAT relief by failing to raise them. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (holding that an applicant must "specifically and distinctly" argue and raise his arguments or those arguments are waived (quotation omitted)). Guardardo acknowledges that the only relief he seeks is that "this court reverse the finding of the BIA that [he] has not met his burden of proving his eligibility for withholding of removal based on his past persecution at the hands of his father."

appeal.[2] This finding is supported by substantial evidence.

To qualify for withholding of removal, Guardardo must show, *inter alia*, that the Salvadoran authorities cannot protect him. *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) ("[T]o qualify an alien for asylum [or withholding of removal], the persecution must have been 'committed by the government' or, as relevant here, 'by forces that the government was unable or unwilling to control.'" (quotation omitted)). Although Guardardo points to abuse from his father and country reports noting that child abuse is a "problem" in El Salvador, the reports also demonstrate that El Salvador is enacting policies and programs to address this issue.

Considering, as we must, all the evidence in the record, *see Bringas-Rodriguez*, 850 F.3d at 1069, including the country reports, we hold that the record does not compel the conclusion that Salvadoran authorities are unwilling or unable to protect

---

[2] The agency also relied on alternative grounds to dismiss the appeal. For example, the agency held that Guardardo had not demonstrated that he was targeted for harm based on a protected ground. On appeal, Guardardo contends that he is a member of a particular social group (his nuclear family) and he was targeted for harm on that basis. We do not reach these grounds because we conclude that Guardardo's failure to show that Salvadoran officials are unwilling or unable to help him is a sufficient basis on which to deny his petition. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020) (denying application for asylum and withholding of removal because "the evidence . . . falls short of compelling the conclusion that Guatemalan authorities would have been unable or unwilling to help [the petitioner]"). Guardardo waived any argument regarding whether the government of El Salvador can, or is willing to, protect him from gang violence. *See Castro-Perez*, 409 F.3d at 1072.

Guardardo from his father's abuse. *See Velasquez-Gaspar*, 976 F.3d at 1064-65 (denying petition for review where country reports showed Guatemala was working—albeit unevenly—to combat violence against women, criminalized rape and domestic abuse, and offered shelters for women); *Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (denying petition for review—despite applicant's testimony that she was afraid to report to the police because her father may have beaten her—because country reports showed that Honduras tried to strengthen domestic violence laws and had criminalized rape). This is particularly so when Guardardo never reported the abuse to the police. *Hussain v. Rosen*, 985 F.3d 634, 648 (9th Cir. 2021) ("Hussain never claimed that he reported the 2007 or 2012 attacks to law enforcement authorities or ever sought police assistance, which we balance in our analysis of the BIA's determination.").

**PETITION DENIED**.